# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

SOPHIA REE
MEMBER

TEL: (212) 393-7923
EMAIL: sree@lcbf.com

120 BROADWAY
13TH FLOOR
NEW YORK, NEW YORK 10271
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
22nd Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

300 Delaware Avenue
Suite 210
Wilmington, DE 19801
Tel: (302) 514-6901

July 10, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/2024

**Via ECF**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

7/11/2024
you may file
the exhibit
under seal,
however
I hope that it will
not come to
motion

Re: *Maria Sierra v National Railroad Passenger Corp.*
Case No. 1:19-cv-05726 (CM)

Dear Judge McMahon:

We represent defendant National Railroad Passenger Corp. ("Defendant" or "Amtrak") in connection with the above-referenced matter. Per our letter dated June 25, 2024, we will be filing a Motion to Enforce the Settlement. In anticipation of our submission, we write to respectfully request permission for leave to file the confidential Memorandum of Understanding, General Release, Non-Wage Allocation/RRB/SSB Letter, and Agreement Not to Return to Work (collectively, "Settlement Papers") under seal.

In determining whether to seal a document, district courts conduct a three-part inquiry as described by the Second Circuit in *Lugosch. See Collad v City New York*, 193 F. Supp. 3d 286 [S.D.N.Y. 2016]; *Lugosch v Pyramid Co. of Onodaga*, 435 F. 3d 110, 119 (2d Cir. 2006). The first step is to determine whether the document is a judicial document, meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v Pyramid Co. of Onodaga*, 435 F. 3d 110, 119 (2d Cir. 2006) (internal citations omitted). If it is found to be a judicial document, then a "common law presumption of access attaches" and the court must "determine the weight of that presumption." *Id.* Lastly, the court must "balance any 'competing considerations against it," like "the danger of impairing law enforcement or judicial efficiency and the privacy interest of those resisting disclosure." *Id.* at 120 (quotations and citations omitted). "Courts have recognized a privacy interest in medical records." highly sensitive personal information *(J.M. v United Healthcare Insurance*, 2023 WL 6542179 *2 (S.D.N.Y. Sept. 29,

4877-2391-5215v.1

**LANDMAN CORSI BALLAINE & FORD P.C.**

The Honorable Colleen McMahon
July 10, 2024
Page 2

2023), "trade secrets and sources of business information that might harm a litigant's competitive standing." *See Dodona I, LLC v Goldman, Sachs & Co.*, 119 F. Supp. 3d 152 (S.D.N.Y. 2015).

Here, the Settlement Papers may be considered a judicial document because it will be submitted in support of Defendant's Motion to Enforce Settlement and useful to the judicial process. *See Id.* at 119. It is respectfully submitted that Defendant demonstrates sufficient privacy and public policy concerns to overcome the presumption of access that attaches. Initially, in placing the requested documents under seal, there is no danger of impairing law enforcement or judicial efficiency.

However, there are competing considerations that weigh against the presumption of access. The Defendant seeks this Court's permission to file the Settlement Papers under seal, in part, to conform with the spirit of the confidentiality agreement. The confidentiality agreement was entered into to protect not only the terms of the agreement, but Plaintiff's highly sensitive personal information. The agreement contains information of a sensitive nature relating to Plaintiff's personal finances, employment, and the sum of the settlement.

While bargained-for confidentiality by itself does not overcome the presumption, the fact that the documents are not public also favors sealing. *C.f. Cheng v Wilson*, 1:22-CV-10706 (LTS), 2023 WL 7710966 *2 (S.D.N.Y. Oct. 2, 2023) (finding a document that has been publicly available weighs against restricting public access to it). The Settlement Papers at issue have not been publicly filed and are not accessible in the public domain. Moreover, the terms and requirements of the agreement were reached during private mediation and subject confidentiality. *See Sugar v Green Eleven Union Free School Dist.*, 18 CV 67 (VB), 2020 WL 2036853 (S.D.N.Y. Apr. 28, 2020). In *Sugar*, the court relied upon submissions that were placed under seal and not available to the public in granting the motion to enforce the settlement. Similar to the facts present here, plaintiff did not want to sign the agreement and counsel submitted a motion to withdraw. While the documents here are not under seal like in *Sugar*, they are also not available to the public and are subject to a confidentiality agreement. In total, these considerations weigh against the presumption of access.

Therefore, Defendant respectfully requests that this Court allow Defendant to file the Memorandum of Understanding, General Release, Non-Wage Allocation/RRB/SSB Letter, and Agreement Not to Return to Work under seal.

We have discussed this matter with plaintiff's counsel, who agrees and consents to this motion.

4877-2391-5215v.1

**LANDMAN CORSI BALLAINE & FORD P.C.**

The Honorable Colleen McMahon
July 10, 2024
Page 3

      We thank Your Honor for consideration of this request.

      Respectfully submitted,

      /s/ *Sophia Ree*
      Sophia Ree

cc: Steve Barkan, Esq.

4877-2391-5215v.1